UNITED PORTO RICAN SUGAR CO. OF PORTO RICO, Petitioner and Appellee, *v.* ANTONIO CARRASQUILLO ET AL., Respondents and Appellants.

No. 6326. Argued May 8, 1933.—Decided May 12, 1933.

*José C. Rivera* for appellants. *Walter L. Newsom* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On January 14, 1932, judgment was rendered in the case at bar dismissing the objections filed. The respondents appealed on February 2, 1932. The transcript of the evidence was filed in the office of the clerk on March 7, 1932, a few days before the expiration of the term granted therefor. Both parties appealed, and by mutual agreement, they asked the stenographer to prepare but one transcript of the evidence. The hearing for the approval of the transcript was

postponed several times by the court on its own motion or at the instance of the parties, according to a certificate of the clerk of the District Court of Humacao. In March 1932, the last hearing for the approval of the transcript took place, and the judge issued an order returning said transcript to the stenographer in order that he amend it within a term of 15 days, counted from March 14, 1932. The court stenographer as well as the attorneys for both parties were notified of said order by the clerk of the district court.

After the period of 15 days granted by the court had elapsed without the transcript of the evidence having been filed in the office of the clerk or any extension of time therefor requested by either the stenographer or the respondent, the petitioner moved this Court to dismiss the appeal.

The respondents say that they have been diligent in the prosecution of this appeal, and lay great emphasis upon the fact that both parties appealed from the judgment of the lower court, and that they requested, by stipulation, only one transcript of the evidence for both cases. The fact that the petitioner was not diligent in the prosecution of his appeal, would have no bearing on the diligence to be displayed by the other party to perfect its appeal. This is a question to be considered later, if the respondents request the dismissal of the appeal taken by the petitioner on the ground that he has not exercised due diligence. The respondents claim that they were not notified on time or in a lawful manner, by being served with a true and faithful copy of the court's order dated March 14, 1933. The clerk of the district court certified that the attorneys for both parties were notified of said order on the same day it was issued, May 14. It was not the duty of the clerk to serve such notice. The attorney in this regard is just as much an officer of the court as is the clerk. The attorney is presumed to be in attendance on the court and it is his duty to follow the course of his cases. *Guardian Assurance Co., Ltd.* v. *López Acosta,*

24 P. R. R. 597. In the instant case, the attorney for the respondents attended the hearing held for the approval of the transcript of the evidence. In view of the number of amendments adopted, it was evident that the stenographer would need some time to file the transcript of the evidence. The attorney should have exercised due diligence in ascertaining the term granted to the stenographer, if the same was unknown to him, or if he was not notified at the time the order was issued, as the clerk certified. The attorney insists that he was notified of the order on the same day that the term granted was to expire, and that the number of days of which the term consisted was not stated in the copy of the order served on him. We have already stated that the clerk is under no obligation to notify an order of this nature, and that the attorney should have displayed due diligence in learning the contents of the order which would inevitably have to be issued in order to grant to the stenographer a term to transcribe the evidence.

The attorney states that on March 16, 1933, he wrote to the stenographer urging him to expedite the work assigned to him, as he knew of the numerous obligations with which the latter was charged. He adds that on March 24 he wrote again to the clerk because at that time he had no information concerning this matter, and that neither the stenographer nor the clerk sent any reply to him.

The stenographer testified that he was notified of the order on the same day that it was issued; that he was very busy at that time with various matters which he had to finish and which required his immediate attention; that the corrections he was to make under the order of the judge were numerous and required a sufficiently ample term in which to make them; that he was notified during the criminal term of the court which was one of the busiest he has had as stenographer, and that he was very busy. He added that on March 17, 1933, he received a letter from the attorney

for the respondents requesting information regarding this matter together with a postal card that he was to return as soon as possible, and that on or about March 24 of the same year, he received another postal card from the attorney for the respondents requesting more information, but the pressure of work in his office during those days prevented him from sending any reply to the attorney.

The negligence of the stenographer is, in our opinion, manifest. His excessive work did not preclude him from requesting an extension of time to file the transcript of the evidence. It is precisely when the various occupations of the stenographer prevent him from transcribing the evidence within the term granted that extensions of time are to be requested. Nevertheless, this officer remained inactive despite the letters which he admits having received from the attorney and which should have served as a reminder. As regards the attorney, if he was notified of the order of March 14 as the secretary asserts, he did not need to be informed of what he already knew. If he was not notified until the last day, as he alleges, it seems natural that he should have attempted to secure personally the information he desired, since the stenographer and the clerk had not answered his letters. In the case of *Guardian Assurance Co., Ltd.* v. *López Acosta, supra,* this Court declared that it is an erroneous notion that an attorney has a legal right to rely on a clerk or a marshal outside of the court, for information or notice with regard to his cases. Said reliance is a matter of private convenience, but not the legal right of an attorney.

The respondents have filed a motion accompanied by an affidavit of merits praying that this Court grant them a new term to perfect the proceedings for appeal in the lower court. There were two oppositions filed in the dominion title proceeding and the appellants refer to them and designate the parties contesting that proceeding as ''the Carrasquillo

brothers'' and "the Díaz brothers.'' The respondents allege that they have a good and just cause of opposition to the said proceeding, that since 1889 they have been and still are the owners, by a title recorded in the registry of property, of the original tract of land which has been receiving the benefits of a gradual increase in area from the effect of the current of the river which has always formed its boundary. The above concerns the Carrasquillo brothers. As regards the Díaz brothers, it is alleged that they are the present owners of the parcel they claim, the ownership of which was formerly held by their predecessors in interest, since 1889.

The said motion was answered by the appellee, who in turn transcribes the conclusions and grounds on which the lower court based its decision.

The question is one of fact. The respondents allege that the lower court erred in weighing the evidence. In their motion they assert that the Carrasquillo brothers base their claim on the right to alluvion by accession, and the Díaz brothers on a right of ownership in a parcel of land which, according to their allegations, was in the possession of petitioner's predecessors in interest under a contract of lease.

As regards the acquisition of land by gradual accretion, the trial judge who heard the evidence and viewed the premises in dispute, states in an extensive opinion that the variations in the bed of the Gurabo River were not caused by the slow and gradual action of the natural flow of the water but by floods of the river. The lower court adds that Juan Cruz Carrasquillo, predecessor in interest of the respondents, expressly acknowledged petitioner's title to the parcel in question, and it states clearly the facts on which it bases this conclusion.

Regarding the opposition of the Díaz brothers, it was alleged that their predecessors in interest, Juan Francisco and

Andrés Díaz, had leased to the ancestor of the petitioner, by an oral contract, for an indefinite term and for an annual rental of $100, sixty-seven acres (*cuerdas*) of land which they claim, and the lessee undertook to pay the taxes, which he did until his death in 1919. The lower court states that from the testimony of witnesses it appears that since 1918 the respondents have remained absolutely inactive and out of the possession of their alleged 67 acres of land, which were occupied, according to their own allegations, by the petitioner and his predecessors in interest from that date up to the present time; and that the payment of the rent they allege has not been made either. The court further states that no document was offered in evidence in regard to the titles of Andrés and Juan Francisco Díaz, although with respect to the latter it was said that his was finally destroyed by the recent San Felipe Hurricane.

It was also proved, as the court found, "that for over thirty years the petitioner, together with his predecessors in interest, have been in the quiet, open, and peaceful possession of the principal property described in the petition, uninterruptedly and as owners thereof."/

Those are the grounds on which the lower court relied to render its judgment. The respondents merely allege that the court committed manifest error in weighing the evidence. After reading the appellants' motion as well as the affidavit of merits accompanying the same, and the findings made by the lower court in weighing the evidence, we are of the opinion that this is not a case where this Court should exercise its discretion to grant a new term to the respondents and appellants.

For the reasons stated the appeal should be dismissed.